**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(973) 776-7700**

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

July 23, 2026

**<u>LETTER ORDER</u>**

Re:    <u>Kertesz v. Colony Tire, et al.</u>
      **Civil Action No. 24-8419 (JKS)**

Dear Counsel,

Presently pending before the Court is a motion by Plaintiff Erik Kertesz ("Plaintiff") seeking leave to file an Amended Complaint in this action. *See* Dkt. No. 24. Defendants Colony Tire, Scott Creighton, and Charles Creighton ("Defendants") filed an Opposition to Plaintiff's motion. *See* Dkt. No. 28. For the reasons set forth below, Plaintiff's motion to amend [Dkt. No. 24] is **GRANTED**.

Plaintiff initiated this action on or around July 11, 2024 by filing a Complaint in the Superior Court of New Jersey, Essex County, New Jersey, asserting violations of the New Jersey Wage Payment Law (NJWPL) and Family Medical Leave Act (FMLA), amongst several other claims related to his employment with Defendant Colony Tire. *See* Dkt. No. 1, Ex. A; Dkt. No. 24-1 ("Moving Br.") p. 2. Defendants removed Plaintiff's state court action to this Court on or about August 12, 2024, asserting both diversity jurisdiction under 28 U.S.C. § 1332(a)(2) and federal question jurisdiction under 28 U.S.C. 1331 for Plaintiff's Family Medical Leave Act (FMLA) claim. Dkt. No. 1 (Not. of Removal) ¶¶ 8-21. On September 3, 2024, Defendants moved to dismiss Plaintiff's Complaint. Dkt. No. 4. On April 1, 2025, the Court administratively stayed Defendants' motion to dismiss pending resolution of certain proceedings in Plaintiff's related

1

federal case, *Kertesz v. Colony Tire Corp.,* No. 20-12364 (the "Related Case"). Dkt. No. 11. Proceedings in the Related Case continued, until the parties advised the Court during a telephone status conference in the Related Case that the possibility of settlement in the Related Case might be more easily facilitated were the Court to render a decision on Defendants' motion to dismiss in this action which, as stated, was terminated by the Court on April 1, 2025. Thus, on November 17, 2025, the Court conducted a telephone status conference with the parties in this matter and gave Defendants leave to file a renewed motion to dismiss. *See* Dkt. No. 12.

Defendants filed their renewed motion to dismiss on December 5, 2025. Dkt. No. 14. Defendants' primary assertion in its renewed motion was that this action, which was originally filed by Plaintiff in state court and thereafter removed, is "duplicitious" and wholly "frivolous." *See generally id.* Defendants therefore assert that Plaintiff's complaint here is barred by the entire controversy doctrine, barred by the doctrine of *res judicata* and the applicable statute of limitations and, were the Court to find those arguments unpersuasive, Defendants argue that Plaintiff's claims in any event fail to state a claim. *See id.*

Plaintiff filed an Opposition to Defendants' renewed dismissal motion, and Defendants replied. Dkt. Nos. 15-18. Shortly thereafter, Plaintiff filed a motion for leave to amend the Complaint. Dkt. No. 19. The Court was required to terminate Plaintiff's motion to amend based upon Plaintiff's procedural violations. *See* Dkt. No. 20 (explaining Plaintiff's violations of L. Civ. R. 15.1(a)(2)). Plaintiff ultimately filed the instant, renewed motion for leave to amend on February 13, 2026. Dkt. No. 24. Defendants filed their Opposition on March 6, 2026. Plaintiff replied on March 10, 2026.

Plaintiff moves to amend under Federal Rule of Civil Procedure 15(a), pursuant to which "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  The decision to grant leave to amend rests within the sound discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970).  In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment.  *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 WL 936452, at *2 (D. Del. Mar. 11, 2013).  The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

In support of its motion, Plaintiff states that the proposed amendments serve several purposes. *See* Moving Br. at p. 2.  First, to cure the pleading deficiencies identified by Defendants in their December 5, 2025 renewed motion to dismiss. *Id.*  Second, Plaintiff asserts that the proposed amendments would add additional factual details and thus provide clarity on Plaintiff's claims consistent with the evidence developed through discovery in the Related Case. *Id.*  Lastly, Plaintiff seeks amendment to correct a procedural issue regarding the recent death of Defendant Charles Creighton and the subsequent proper substitution of his estate. *Id.*  A review of Plaintiff's proposed redlined amended complaint indicates that nearly every line of Plaintiff's purportedly

3

99-page complaint would undergo some form of revision were the Court to grant Plaintiff's motion.

Defendants, in opposition to Plaintiff's motion to amend, largely reiterate the arguments set forth in their prior motion to dismiss. Again, Defendants primarily contend that Plaintiff's proposed amended claims are futile and are barred by the entire controversy doctrine and the doctrine of *res judicata*. Dkt. No. 28.

Defendants' arguments regarding the futility of Plaintiff's claims are unquestioningly better suited for disposition in connection with a motion to dismiss. It is clear that this action and Plaintiff's Related Case cannot move forward until Defendants' contentions in favor of dismissal have been adjudicated. A decision on the merits regarding Defendants' assertions of futility will at last bring clarity to Plaintiff's federal cases and clarify the issues moving forward. Although Defendants may prove correct that Plaintiff's federal claims here are barred or otherwise futile, again, those arguments are aptly raised and addressed through a renewed motion to dismiss. Moreover, Plaintiff's motion to amend was timely filed in this action, as no discovery in this case has been formally conducted and no scheduling order has been entered. There is no evidence of bad faith on the part of Plaintiff. Although Defendants have been somewhat prejudiced by the delays in this litigation, the delay cannot be considered unduly burdensome, as the Related Case has been ongoing since 2020.

Although Plaintiff's motion to amend [Dkt. No. 24] is **GRANTED**, Plaintiff is cautioned that any future attempts to amend in either this case or the Related Case would be viewed highly unfavorably. Plaintiff shall file his amended complaint within **seven (7) days** of the date of this Order. Defendants shall file another renewed motion to dismiss Plaintiff's amended complaint by no later than **August 14, 2026**. Plaintiff shall file his opposition by **August 25, 2026**. Defendants

4

shall file their reply by **September 1, 2026**. There will be **NO EXTENSIONS** of the aforementioned briefing schedule regarding Defendants' renewed motion to dismiss.

        **IT IS SO ORDERED.**

_s/ James B. Clark, III_
**JAMES B. CLARK, III**
**United States Magistrate Judge**
Date: 7/23/2026
