JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ 07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

JOSEPH C. DEBLASIO
Direct Dial: 732-945-6021
Email: Joseph.DeBlasio@JacksonLewis.com

October 6, 2026

**VIA ECF**
The Honorable James B. Clark, III, U.S.M.J.
United States District Court of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Erik Kertesz v. Colony Tire Corporation, et al.**
**Civil Action Docket No. 24-cv-08419-JKS-JBC**

Dear Judge Clark:

We represent the Defendants in the above-referenced matter. Defendants respectfully submit this letter in opposition to Plaintiff's September 29, 2026 request for leave to file a "Limited Sur-Reply" (ECF No. 48-1, the "Proposed Sur-Reply") in further opposition to Defendants' Renewed Motion to Dismiss the First Amended Complaint. For the reasons below, leave should be denied.

**1. The Governing Standard**

Under Local Civil Rule 7.1(d)(6), "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." L. Civ. R. 7.1(d)(6). Permission "is generally denied where the record and prior submissions are deemed sufficient," and is reserved for addressing "a new issue in the interest of completeness, for complicated and novel legal questions, or for unusual circumstances." *Levey v. Brownstone Inv. Grp., LLC*, No. 11-cv-00395 (D.N.J. 2013). A sur-reply may respond to genuinely new arguments raised in reply; it is not a vehicle to reargue the opposition. *See Anglin v. Anglin*, No. 16-cv-04049 (D.N.J. July 9, 2024). Conversely, a reply that "respond[s] to arguments raised in the opposition brief, or explain[s] a position in the initial brief that the respondent refuted" is proper and does not open the door to further briefing. *Atl. Power & Elec. Co. v. Big Jake*, 583 F. Supp. 3d 631, 642 (D.N.J. 2022) (citation omitted); *see also Gillespie v. Newark Bd. of Educ.*, No. 21-cv-18990 (D.N.J. 2024).

**2. Defendants' Reply Did Not Raise New Matter Warranting a Sur-Reply**

The Proposed Sur-Reply identifies three purportedly "new" points in Defendants' reply (ECF No. 45 at 5, 8–9, 14–15). None justifies leave of Court for a sur-reply.

***(a) Case-management authority and claim-splitting (Proposed Sur-Reply § ii).*** Plaintiff concedes that "[c]laim-splitting and amendment avoidance were already contested." Proposed Sur-Reply at 3. Defendants' reply discussion of the Court's authority to dismiss a duplicative concurrent action answered Plaintiff's own opposition argument that *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883 (3d Cir. 1997), forecloses dismissal and that consolidation is the only available remedy. *See* Pl. Opp. Br. (ECF No. 41) at 8–9. That is the classic purpose of a reply brief. Moreover, rather than responding to anything new, the Proposed Sur-Reply introduces authorities that appear nowhere in Plaintiff's 42-page opposition, including *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977) (en banc); *Morgan v. Covington Township*, 648 F.3d 172 (3d Cir. 2011); *Erie Indemnity Co. v. Stephenson*, 157 F.4th 265 (3d Cir. 2025); and *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), and re-argues the post-2020-conduct theory that Plaintiff has already briefed at length. *Compare* Proposed Sur-Reply at 3–4 *with* Pl. Opp. Br. at 7, 13–14, 18–19. This is nothing more than an attempt by Plaintiff to obtain the last word, not answer a new substantive matter.

**(b) The state-court certification (Proposed Sur-Reply § iii).** Plaintiff's false Rule 4:5-1 certification in his state-court complaint is not new. Defendants raised it in their opening brief, and Plaintiff responded to Defendants' certification-based arguments in his opposition. *See* Pl. Opp. Br. at 10–11 (Point I.D). The reply simply addressed Plaintiff's opposition arguments. Plaintiff's Section iii offers no substantive argument at all; it asks only for a further, undefined "focused opportunity" to address the certification at some later date. Proposed Sur-Reply at 4. A request to address an issue in the future is not a basis for a sur-reply now.

**(c) Count Four limitations (Proposed Sur-Reply § i).** Plaintiff's opposition argued that Defendants had not adequately addressed Count Four. Pl. Opp. Br. at 31–32 (Point IV.C). Defendants' reply responded to that contention, including by explaining further why Count Four is time-barred following *Maia v. IEW Construction Group*, 257 N.J. 330 (2024), ***a case decision that both sides had already briefed***. The Proposed Sur-Reply itself confirms as much: it concedes that *Bosco v. Compass Group USA, Inc.*, No. 22-cv-6909 (D.N.J. June 23, 2025), is "adverse authority" that "applied two years and rejected a six-year theory," and otherwise restates the six-year position already reflected in the First Amended Complaint. Proposed Sur-Reply at 3.

**3. The Proposed Sur-Reply Exceeds Any Permissible Scope**

The Proposed Sur-Reply goes well beyond any permissible scope. Specifically, it (i) relies on four appellate authorities never cited in the opposition; (ii) re-argues the factual timing of the Ralson (February 2024), NACTR (June 2026), and Simple Tire (January 2020) episodes, which were already ***fully*** addressed in the opposition; (iii) asks the Court to adopt a new "claim-specific analysis" framework that Plaintiff did not advance in opposition; and (iv) requests, in the alternative, that the Court "disregard newly presented dispositive grounds absent an appropriate opportunity to respond," effectively seeking yet another round of briefing. Proposed Sur-Reply at 3–4. This is exactly the pattern this District disfavors. *See Levey*, No. 11-cv-00395; *cf. Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is

axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.”).

**4. Relief Requested**

The motion has been fully briefed under Local Civil Rule 7.1(d), and the record is sufficient for decision. Defendants therefore respectfully request that the Court deny Plaintiff’s request for leave to file the Proposed Sur-Reply. In the alternative, should the Court be inclined to grant leave in whole or in part, Defendants respectfully request leave to file a responsive letter brief, not to exceed five pages.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JACKSON LEWIS P.C.**

By: *_/s/ Joseph C. DeBlasio_*
Joseph C. DeBlasio, Esq.

4930-8572-5842, v. 1